**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL DENNIS JOHNSON, ) | NO. ED CV 15-1992-E |
| )  Plaintiff, ) | |
| )  v. ) | **MEMORANDUM OPINION** |
| ) CAROLYN W. COLVIN, Acting ) Commissioner of Social Security, ) ) Defendant. ) _____) | |

**PROCEEDINGS**

Plaintiff filed a Complaint on September 27, 2015, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on November 16, 2015.

Plaintiff filed a motion for summary judgment on February 29, 2016. Defendant filed a motion for summary judgment on March 30, 2016. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed September 30, 2015.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former window washer and janitorial supervisor, asserted disability since January 18, 2012, based on alleged physical and mental impairments (Administrative Record ("A.R.") 33-41, 135-39, 160-61). An Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff, a medical expert and a vocational expert (A.R. 8-790).

The ALJ found Plaintiff has severe physical impairments, namely "status post right shoulder decompression; lumber spine degenerative disc disease; and chronic anal pain" (A.R. 14-16.) The ALJ found that Plaintiff has no severe mental impairment (id.). The ALJ determined Plaintiff retains the residual functional capacity to perform light work, including the specific jobs identified by the vocational expert (A.R. 16-22; see also A.R. 42). The ALJ deemed "less than fully credible" Plaintiff's testimony regarding the alleged severity of his subjective symptoms and functional limitations (A.R. 16-21). The Appeals Council denied review (A.R. 1-3).

**SUMMARY OF PLAINTIFF'S CONTENTIONS**

Plaintiff contends:

1. The ALJ erred by failing to find that Plaintiff has a severe mental impairment; and

///
///

2

2. The ALJ erred by failing to find that Plaintiff's testimony was fully credible.

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

///

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from material[1] legal error. Plaintiff's contrary arguments are unavailing.

**I.  The ALJ Did Not Materially Err by Failing to Find that Plaintiff Has a Severe Mental Impairment.**

An impairment is "severe" only if the impairment has "more than a minimal effect on an individual's ability to work. . . ." Social Security Ruling ("SSR") 85-28. In the present case, substantial medical and non-medical evidence supports the ALJ's conclusion Plaintiff's alleged mental impairments do not have "more than a minimal effect" on Plaintiff's ability to work.

The ALJ aptly pointed out that the record contains little or no treating source opinions or clinical findings bearing on the possible effects of Plaintiff's alleged mental impairments on his ability to work (A.R. 15-16). A state agency review physician who examined the medical evidence in the record opined Plaintiff has no severe mental impairment, thereby failing to discern proof of any more than a

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Garcia v. Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

4

minimal effect on Plaintiff's ability to work (A.R. 63-64).  Where, as here, the opinion of a non-examining physician does not contradict "all other evidence in the record," the Administration properly may rely upon such opinion.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Curry v. Sullivan, 925 F.2d 1127, 1130 n.2 (9th Cir. 1990).  The Administration may not rely solely upon the opinions of non-examining experts.  See, e.g., Lester v. Chater, 81 F.3d 821, 833 (9th Cir. 1995); Erickson v. Shalala, 9 F.3d 813, 818 n.7 (9th Cir. 1993).  Reliance was not sole in the present case (A.R. 14-21).

The ALJ also emphasized Plaintiff's relative lack of mental health treatment (A.R. 15-16).  Plaintiff testified he was not then seeing a psychiatrist, psychologist, counselor or therapist, other than "a counselor from my church," (A.R. 37).  At times, Plaintiff has received psychiatric medication and counseling, but, at other times, Plaintiff has declined any such treatment (A.R. 278, 467, 567, 597, 754).

The ALJ also examined Plaintiff's self-reports of mental functioning, and appropriately found that these reports reflected only mild limitations of function (A.R. 14-15, 172-79).  A claimant's admissions regarding his or her functional abilities can constitute substantial evidence regarding those abilities.  See, e.g., Ray v. Bowen, 813 F.2d 914, 917 (9th Cir. 1987).

Assuming arguendo the ALJ somehow erred in failing to find Plaintiff's alleged mental impairments "severe," any error was harmless.  The ALJ expressly acknowledged the necessity of considering

all of Plaintiff's impairments in the disability analysis "including impairments that are not severe" (A.R. 12). See Social Security Ruling 96-8p ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe'"); Burch v. Barnhart, 400 F.3d at 682-83 (error in failing to find an impairment severe did not prejudice the claimant where the Administration found other impairments severe and considered the effects of the non-severe impairment when analyzing residual functional capacity); see generally McLeod v. Astrue, 640 F.3d at 886-89 (claimant bears the burden of showing a substantial likelihood of prejudice from the Administration's errors). The record contains no persuasive proof that any alleged mental impairment deemed non-severe materially affects Plaintiff's residual functional capacity.

## II. **The ALJ Did Not Materially Err by Finding Plaintiff's Testimony Less than Fully Credible.**

Plaintiff testified to allegedly disabling pain and other symptomatology (A.R. 34-39). The ALJ found this testimony "less than fully credible" (A.R. 16-21). As discussed below, the ALJ did not thereby err.

An ALJ's assessment of a claimant's credibility is entitled to "great weight." Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). Where, as here, the ALJ finds that the claimant's medically determinable impairments reasonably could be expected to cause some degree of the

6

alleged symptoms of which the claimant subjectively complains, any discounting of the claimant's complaints must be supported by specific, cogent findings. See Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010); Lester v. Chater, 81 F.3d at 834; but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must offer "specific, clear and convincing" reasons to reject a claimant's testimony where there is no evidence of malingering).[2] An ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (internal citations and quotations omitted); see also Social Security Ruling 96-7p. As discussed below, the ALJ stated sufficient reasons for deeming Plaintiff's subjective complaints less than fully credible.

Among the reasons the ALJ cited for discounting Plaintiff's credibility was the fact that "the objective medical evidence does not support the alleged severity of symptoms" (A.R. 21). Although a claimant's credibility "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical

---

[2] In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Burrell v. Colvin, 775 F.3d 1133, 1136-37 (9th Cir. 2014); Chaudhry v. Astrue, 688 F.3d 661, 670, 672 n.10 (9th Cir. 2012); Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012); see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases). In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

evidence is still a relevant factor. . . ." Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Here, the ALJ properly could infer from the medical evidence that Plaintiff's problems have not been, and are not now, as profound as he has claimed.

The ALJ also properly relied on inconsistencies between Plaintiff's testimony and other statements in the record. For example, Plaintiff testified: (1) his wife did all of the "chores around the house"; and (2) Plaintiff did no laundry, no grocery shopping, and no lifting of any kind (A.R. 34, 38-39). Yet, written statements acknowledge a much greater scope of activities performed by Plaintiff, including laundry, shopping, ironing, cleaning, and mowing the lawn (A.R. 174-75). Inconsistencies between claimed incapacity and admitted activities properly may impugn a claimant's credibility. See, e.g., Molina v. Astrue, 674 F.3d at 1112 ("the ALJ may consider inconsistencies in the claimant's testimony or between the testimony and the claimant's conduct"); Thune v. Astrue, 499 Fed. App'x 701, 703 (9th Cir. 2012) (ALJ properly discredited pain allegations as contradicting claimant's testimony that she gardened, cleaned, cooked, and ran errands); Burch v. Barnhart, 400 F.3d at 680 ("In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering . . . inconsistencies in claimant's testimony."); Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistency between claimant's testimony and claimant's actions supported rejection of claimant's credibility); Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistency between claimant's testimony and claimant's actions cited as a clear and convincing reason for rejecting claimant's testimony).

The ALJ also cited a written report completed by Plaintiff's wife (A.R. 17). This report stated that Plaintiff performs a broader range of activities than Plaintiff acknowledged in his testimony. For example, the report stated that Plaintiff shops in stores and also does household chores (A.R. 180-87). Inconsistencies between a claimant's testimony and lay witness evidence can justify the discounting of a claimant's credibility. See, e.g., Fleming v. Commissioner, 500 Fed. App'x 577, 578-79 (9th Cir. 2012).

The ALJ also properly relied on the routine and conservative nature of much of Plaintiff's medical treatment (A.R. 18-19). A routine or conservative course of treatment may discredit a claimant's allegations of disabling symptoms. See Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008) ("evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment"); Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (conservative treatment can suggest a lower level of both pain and functional limitation, justifying adverse credibility determination); see also Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008) (characterizing physical therapy as conservative treatment).

In addition to the valid reasons the ALJ stated for discounting Plaintiff's credibility, the ALJ also stated reasons whose validity may well be open to question: (1) the lack of any evidence of muscle atrophy; and (2) the ALJ's observations of Plaintiff during the hearing (A.R. 19). Case law regarding the propriety of relying on a lack of muscle atrophy to discount credibility appears conflicting.

9

See Lapierre-Gutt v. Astrue, 382 Fed. Appx. 662, 665 (9th Cir. 2010) (rejecting lack of evidence of atrophy as a reason for adverse credibility determination as not based on substantial evidence, where no medical evidence "suggests that high inactivity levels necessarily leads to muscle atrophy"); Valenzuela v. Astrue, 247 Fed. Appx. 927, 929 (9th Cir. 2007) (ALJ's adverse credibility determination was not supported by substantial evidence where the record was devoid of any medical testimony to support ALJ's finding that absence of evidence of muscular atrophy indicated claimant's symptoms were not as severe as alleged); but see Stiles v. Astrue, 256 Fed. App'x 994, 997-98 (9th Cir. 2007) (upholding ALJ's discounting of claimant's credibility based in part on the lack of evidence of "muscle atrophy or wasting"); Osenbrock v. Apfel, 240 F.3d 1157, 1165-66 (9th Cir. 2001) (upholding an ALJ's rejection of a claimant's credibility where the ALJ made specific findings including, but not limited to, a lack of atrophy).

   Reliance on an ALJ's personal observations of a claimant at a hearing is of similarly uncertain validity. An ALJ's use of such observations sometimes has been condemned as "sit and squirm" jurisprudence. See Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); but see Verduzco v. Apfel, 188 F.3d at 1090 ("Although this Court has disapproved of so-called 'sit and squirm' jurisprudence, the inclusion of the ALJ's personal observations does not render the decision improper.") (citations and internal quotations omitted). Cases condemning "sit and squirm" jurisprudence express a concern that the ALJ, who is not a medical expert, may substitute his or her own lay judgment in the place of a medical diagnosis. See, e.g., Graham v. Bowen, 786 F.2d 1113, 1115 (11th Cir. 1986) (ALJ improperly

1 substituted his own opinion based on observations at the hearing for
2 the medical evidence presented); <u>Van Horn v. Schweiker</u>, 717 F.2d 871,
3 874 (3d Cir. 1983) (addressing the "roundly condemned 'sit and squirm'
4 method of deciding disability," and stating that "an ALJ is not free
5 to set his own expertise against that of physicians who present
6 competent medical evidence") (citations omitted); <u>compare</u> <u>Nyman v.</u>
7 <u>Heckler</u>, 779 F.2d at 531 & n.1 (finding no error where the ALJ's
8 "observation of [the claimant's] demeanor was relevant to his
9 credibility and was not offered or taken as a substitute for medical
10 diagnosis").

12    Notwithstanding the questionable validity of one or more of an
13 ALJ's stated reasons for discounting a claimant's credibility, a court
14 properly may uphold the credibility determination where sufficient
15 valid reasons have been stated.  <u>See</u> <u>Carmickle v. Commissioner</u>, 533
16 F.3d 1155, 1162-63 (9th Cir. 2008).  In the present case, the ALJ
17 stated sufficient reasons to allow this Court to conclude that the ALJ
18 discounted Plaintiff's credibility on permissible grounds.  <u>See</u> <u>Moisa</u>
19 <u>v. Barnhart</u>, 367 F.3d at 885.  The Court therefore defers to the ALJ's
20 credibility determination.  <u>See</u> <u>Lasich v. Astrue</u>, 252 Fed. App'x 823,
21 825 (9th Cir. 2007) (court will defer to Administration's credibility
22 determination when the proper process is used and proper reasons for
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

the decision are provided); accord Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1464 (9th Cir. 1995).[3]

**CONCLUSION**

For all of the foregoing reasons,[4] Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 15, 2016.

/S/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3] In this discussion section, the Court does not determine whether Plaintiff's subjective complaints are credible. Some evidence suggests that those complaints may be credible. However, it is for the Administration, and not this Court, to evaluate witnesses' credibility. See Magallanes v. Bowen, 881 F.2d 747, 750, 755-56 (9th Cir. 1989).

[4] The Court has considered and rejected each of Plaintiff's arguments. Neither Plaintiff's arguments nor the circumstances of this case show any "substantial likelihood of prejudice" resulting from any error allegedly committed by the Administration. See generally McLeod v. Astrue, 640 F.3d 881, 887-88 (9th Cir. 2011) (discussing the standards applicable to evaluating prejudice).